FILED
United States Court of Appeals
Tenth Circuit

April 5, 2019

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JAMES BEDFORD ALFORD,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 18-2075
(D.C. No. 1:16-CV-00800-KBM)
(D. N.M.)

_____

### ORDER AND JUDGMENT*
_____

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

James Bedford Alford, appearing pro se, sued the Commissioner for negligence

and other alleged misconduct in denying his applications in 2012 for disability insurance

benefits (DIB) and supplemental security income (SSI) and awarding him benefits based

on his 2015 applications. The district court dismissed his claims on various grounds,

including lack of jurisdiction, and Alford appealed. Exercising jurisdiction under

42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Alford first applied for DIB and SSI on August 3, 2012, alleging he became disabled on April 15, 2009.  The Commissioner denied his applications at the initial level in January 2013.  Alford did not administratively appeal this decision.

Alford returned to work for several years following the denial of his 2012 applications, but stopped working in 2015 because of his physical impairments.  In September 2015, he applied again for DIB and SSI, alleging disability beginning on June 1, 2015.  In September 2015, the Commissioner approved Alford's SSI application at the initial level, but denied his DIB application on the ground that he became disabled after the last date he was insured.

Alford administratively appealed the denial of his DIB application, and the Appeals Council reversed this decision in April 2017, concluding updated information showed his date last insured was after his claimed disability onset date.  As a result, the Appeals Council concluded Alford was entitled to DIB benefits beginning on June 1, 2015, the date of disability onset he claimed in his application.

In July 2016, while his administrative appeal of the DIB denial was pending, Alford filed this pro se action against the Social Security Administration (SSA) and, later, one of its employees.  In his initial and amended complaints, he sought monetary relief for the SSA's and the employee's alleged negligence, operation under false pretenses, deceptive practices, breach of contract, and breach of trust in connection with his 2012 and 2015 applications.  In later filings, he also challenged the SSA's favorable

decision on his 2015 DIB application, alleging he was entitled to additional benefits based on a disability onset date of May 18, 2012 or earlier.[1]

In October 2016, the district court dismissed Alford's amended complaint without prejudice, holding Alford had not met his burden of alleging facts establishing the court's jurisdiction to decide his claims. Specifically, the court held it was not apparent from Alford's allegations that he had exhausted administrative remedies with respect to his tort claims, as required by the Federal Tort Claims Act, and, to the extent he asserted a claim for denial of benefits, that he had received a final decision as required for judicial review under the Social Security Act. The district court granted Alford's motion for reconsideration and reopened the case in July 2017 after learning the Appeals Council had issued its April 2017 final decision on Alford's administrative appeal.

Alford filed a series of motions following the case's reopening in which he sought, among other things, amendment of the disability onset date in the Commissioner's DIB decision and a favorable ruling on his damages claims against the agency.[2] The district

---

[1] Alford at times asserted a disability onset date in May of 2010 in the district court. In his reply brief in this appeal, Alford asserted, apparently for the first time, that his disability onset date should be reset to April 15, 2009, the onset date he alleged in his 2012 applications.

[2] Alford also requested that the district court issue a waiver that would allow him to receive social security retirement benefits early as a result of his disability. Alford has not challenged the district court's denial of this motion on appeal and so we do not address this issue. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

court denied Alford's motions and dismissed the case for lack of subject-matter jurisdiction.[3]  This appeal followed.

## DISCUSSION

### A. Standard of Review

We review the district court's dismissal for lack of subject matter jurisdiction de novo.  *Niemi v. Lasshofer*, 770 F.3d 1331, 1344 (10th Cir. 2014).  Because Alford is acting pro se, we construe his filings liberally, but do not act as his advocate.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### B. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."  *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (internal quotation marks omitted).  "[W]e presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."  *Id.* at 985 (internal quotation marks omitted).

#### 1.  Challenge to the 2015 benefits decision

Alford's challenge to the disability onset date and DIB benefits awarded in the Commissioner's 2015 decision is subject to section 405(g) of the Social Security Act. It provides that an individual may obtain judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party."

---

[3]  The district court also denied Alford's challenge to the disability onset date in the 2015 decision on the merits, but we need not reach this alternative ground to decide this appeal.

42 U.S.C. § 405(g). But as the district court held, this provision does not allow judicial review of agency decisions that are favorable to the claimant. *See Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1978) ("Section 405(g) assumes as a condition for judicial review that the determination by the Secretary after a § 405(b) hearing will be adverse to the claimant of benefits. It makes no provision for judicial review of a determination favorable to the complainant."); 42 U.S.C. § 405(b)(1) (stating the hearing that is a prerequisite to judicial review is only available with respect to decisions that are "in whole or in part unfavorable").[4] Alford received a fully favorable decision on his 2015 application for DIB benefits because the Commissioner awarded him benefits, and did so based on the June 1, 2015 disability onset date he asserted in his application. He therefore lacked standing under section 405(g) to challenge this decision, and the district court correctly held it lacked jurisdiction over this claim.[5]

---

[4] Further evidence of the limited scope of section 405(g)'s judicial review provision is found in Senate and House reports that the provision was added to provide a remedy "in the event [an individual's] claim for benefits *is denied* by the Board." Social Security Act Amendments of 1939, S. Rep. No. 76-734, at 52 (1939) (emphasis added); Social Security Act Amendments of 1939, H.R. Rep. No. 76-728, at 43 (1939) (emphasis added) (both available at https://www.ssa.gov/history/pdf/Downey%20PDFs/Social%20Security%20Amendments%20of%201939.pdf).

[5] In addition, "[a]s a matter of practice and prudence," the Supreme Court and other federal courts "have generally declined to consider cases at the request of a prevailing party, even when the Constitution allowed [them] to do so." *Camreta v. Greene*, 563 U.S. 692, 703-04 (2011); *see id.* at 702-704 (discussing this judicial policy). This is because "[a] party who receives all that he has sought generally is not aggrieved by the judgment affording the relief" and therefore should not be allowed to appeal from it. *Deposit Guar. Nat. Bank v. Roper*, 445 U.S. 326, 333-34 (1980); *see Camreta*, 563 U.S. at 703-04. Thus, prudential standing provides an additional basis for finding Alford lacked standing to appeal his favorable benefits determination.

On appeal, Alford does not dispute that judicial review of favorable decisions is not allowed under section 405(g). Instead, he suggests he did not in fact receive a favorable decision on his 2015 application. But he contends the decision was not favorable only because it adopted the June 1, 2015 disability onset date he asserted in his applications instead of the 2012 (or earlier) date he now seeks to impose through this action. A favorable decision on an application for disability insurance benefits does not become unfavorable merely because a claimant wishes to improve on it.

## 2. Challenge to 2012 benefits decision

To the extent Alford seeks to challenge the Commissioner's denial of his applications for DIB and SSI in 2012, he also lacks statutory standing to pursue this claim. Under section 405(g), a claimant may only seek review of a final decision of the Commissioner made after a hearing. *See* 42 U.S.C. § 405(g). To obtain a final decision, a claimant must exhaust administrative remedies as provided in the SSA's regulations. *See, e.g.*, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 404.900(a) (setting out four-step administrative review process required to obtain a final decision for purposes of judicial review); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975) (holding existence of a final decision made after a hearing is central to the grant of subject matter jurisdiction under § 405(g)). Here, it is undisputed Alford did not seek reconsideration or request a hearing before an administrative law judge as required to exhaust his administrative remedies after the Commissioner denied his 2012 applications. He also does not argue that any exception to the exhaustion requirement applies here. *See Heckler v. Ringer*,

6

466 U.S. 602, 617-619 (1984) (discussing exceptions to exhaustion doctrine). Accordingly, the district court lacked jurisdiction to hear a claim challenging these decisions.

Alford apparently contends his failure to exhaust administrative remedies regarding his 2012 claim should be excused because the SSA never told him it had denied the claim. But Alford's argument is inadequate because it is conclusory and unsupported by evidence or legal authority. *See, e.g., Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1369-70 (10th Cir. 2015) ("A brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority" (internal quotation marks omitted)); *Garrett*, 425 F.3d at 841 (holding issues are inadequately briefed if they are supported by "conclusory allegations with no citations to the record or any legal authority"). "[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). As a result, we do not consider this contention.

### 3. Negligence and other claims

The district court dismissed Alford's tort claims for lack of subject matter jurisdiction, because Alford's complaint did not allege that he had timely presented his tort claims to the SSA as required by the Federal Torts Claim Act, and dismissed his claims for breaches of contract, duty and trust on the ground that they are not cognizable under the Social Security Act. Alford reiterates these claims in his briefs in conclusory fashion, but does not address the district court's holding that it lacked jurisdiction to

7

consider them. As a result, Alford failed "to explain to us why the district court's decision was wrong," which is "[t]he first task of an appellant." *Nixon*, 784 F.3d at 1366. An appellant who fails in this task waives any argument for reversing the district court's decision. *See, e.g.*, *id.* at 1368 (arguments "not adequately developed in a party's brief" are waived); *Garrett*, 425 F.3d at 841 (same). Accordingly, we conclude Alford has waived any challenge to the district court's dismissal of his tort and related claims for lack of jurisdiction.

## CONCLUSION

For the reasons stated above, we affirm the district court's order dismissing this matter for lack of subject-matter jurisdiction. We deny Alford's "Motion to Compel" as moot.

Entered for the Court

Gregory A. Phillips
Circuit Judge

8